MELINDA L. HAAG, SBN CA 132612
United States Attorney
DONNA L. CALVERT, SBN IL 6191786
Acting Regional Chief Counsel, Region IX,
Social Security Administration
LEO R. MONTENEGRO, SBN NY 2616118
Special Assistant United States Attorney

    333 Market St, Ste 1500
    San Francisco, CA 94105
    Telephone: (415) 977-8943
    Fax: (415) 744-0134
    E-mail: Leo.R.Montenegro@ssa.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JEFFREY PATTERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of<br>Social Security,<br><br>    Defendant. | CIVIL NO. 11-00925 EDL<br><br>STIPULATION AND ~~PROPOSED~~ ORDER AWARDING ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) |

    IT IS HEREBY STIPULATED by the parties, through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees under the Equal Access to Justice Act in the amount of TWO THOUSAND FIVE HUNDRED DOLLARS AND NO CENTS ($2,500.00).  This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action for services performed before the district court in accordance with 28 U.S.C. § 2412(d).

    After the Court issues an order for EAJA fees and expenses to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees and expenses to Plaintiff's attorney.  Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010), the ability to honor the assignment

will depend on whether the fees and expenses are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees and expenses is entered, the government will determine whether they are subject to any offset.  Fees and expenses shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Tom Weathered, pursuant to the assignment executed by Plaintiff.  Any payments made shall be delivered to Plaintiff's counsel.

    This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and does not constitute an admission of liability on the part of Defendant under the EAJA.  Payment in the aforementioned sum under EAJA shall constitute a complete release from and bar to any and all claims, rights, causes of action, liens or subrogated interests relating to attorneys fees and costs incurred in this action under EAJA.

    The settlement of Plaintiff's claim for EAJA attorney fees does not preclude Plaintiff's counsel from seeking attorney fees under 42 U.S.C. § 406(b) of the Social Security Act, subject to the offset provisions of the law.

Respectfully submitted,

DATE:  12/1/11

/s/ Tom F. Weathered
(As authorized via e-mail)
TOM F. WEATHERED
Attorney for Plaintiff

DATE:  1/12/12

MELINDA L. HAAG
United States Attorney
DONNA L. CALVERT
Acting Regional Chief Counsel, Region IX

By:  /s/ Leo R. Montenegro
LEO R. MONTENEGRO
Special Assistant U.S. Attorney

Attorneys for Defendant

~~PROPOSED~~ ORDER

Approved and so ordered.

DATED: January 10, 2012

_____
ELIZABETH D. LAPORTE
UNITED STATES MAGISTRATE JUDGE



STIP FOR EAJA ATTY FEES
C 11-00925-EDL                                    3